IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **ANTHONY J. WILLIAMS, on behalf of** ) | |
| **himself and others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No: 08-2747-STA-tmp |
| ) | |
| **MATHIS TIRE AND AUTO SERVICE,** ) | |
| **INC., a Tennessee Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE DEFAULT**
_____

Before the Court is Defendant's Unopposed Motion to Set Aside Default (D.E. # 11) filed on July 14, 2009. In this case Plaintiff served Defendant with his Complaint on December 22, 2008. The Clerk of Court entered default against Defendant on April 21, 2009. In its Motion, Defendant has produced a letter dated December 22, 2008, the same day on which Defendant was served, denying Plaintiff's allegations and asserting facts in response to Plaintiff's Complaint. Defendant states that "it mistakenly believed that this was in compliance with the Federal Rules of Civil Procedure." Defendant further argues that Plaintiff will not be prejudiced by setting aside the default. Plaintiff does not oppose Defendant's Motion.

Fed. R. Civ. P. 55(c) provides that "the court may set aside an entry of default for good cause." The Court must consider the following factors to determine whether Defendant has shown good cause: (1) whether culpable conduct of Defendant led to the default, (2) whether

Defendant has a meritorious defense, and (3) whether Plaintiff will be prejudiced.[1]  The Court finds that these factors weigh in favor of finding good cause for setting aside the default against Defendant.  First, it is clear that Defendant's culpable conduct led to the default.  While Defendant's letter to Plaintiff's attorney is an answer to the Complaint, the Fed. R. Civ. P. 5(a)(1)(B) clearly requires that "a pleading filed after the original complaint" must be served on every party.[2]  Furthermore, Rule 5(d)(1) goes on to state that "any paper after the complaint that is required to be served. . . must be filed within a reasonable time after service."  Thus, Defendant's Answer should have been filed with the Court within a reasonable time.  To date, Defendant has not filed an Answer or any responsive pleading.  The Court finds that Defendant had no reasonable basis to believe that its letter complied with the Federal Rules and so Defendant's conduct was culpable and led to the entry of default in this case.

Despite this first factor weighing against Defendant, the other two factors do favor Defendant.  Defendant's letter indicates factual and legal grounds for a meritorious defense to Plaintiff's allegations.  Additionally, Plaintiff does not oppose the Motion.  It appears then that setting aside the default will not prejudice Plaintiff.  The Court concludes that Defendant has established good cause for setting aside the default.

Therefore, Defendant's Motion to Aside the Default is **GRANTED**.  Defendant shall have ten (10) days from the entry of this Order in which to file its Answer or other responsive pleading.

---

[1] *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006).

[2] An Answer to a Complaint is one of the pleadings defined under Fed. R. Civ. P. 7(a).

**IT IS SO ORDERED.**

                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date: